IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| JENNIFER ARTHUR,<br>    Plaintiff,<br><br>        v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br>    Defendant. | Civil Action No. 2:19CV186 (RCY) |

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's Motion for Attorney's Fees ("Motion") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, filed by Plaintiff Jennifer Arthur. (ECF No. 34.) The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons stated below, Plaintiff's Motion will be denied.

**I. BACKGROUND**

On November 13, 2017, a Social Security Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled under the Social Security Act. (R&R at 2, ECF No. 21.) On September 27, 2018, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. (*Id.*) Plaintiff did not raise any challenge to the appointment of the ALJ during her administrative proceedings. (*Id.* at 23.)

Plaintiff filed the Complaint in this action on April 12, 2019. (ECF No. 1.) In her memorandum in support of her motion for summary judgment, she argued, *inter alia*, that the ALJ

had not been properly appointed, citing *Lucia v. SEC*, 138 S. Ct. 2044 (2018). (ECF No. 17 at 8-12.) The Commissioner responded that Plaintiff's argument was forfeited because it was not timely raised. (ECF No. 19 at 17-25.) United States Magistrate Judge Douglas E. Miller issued a Report and Recommendation ("R&R") on June 3, 2020, in which he recommended affirmance on Plaintiff's substantive claims and found that, because the Plaintiff did not challenge the propriety of the ALJ's appointment, the Plaintiff had "forfeited that claim." (ECF No. 21 at 24.) On September 23, 2020, United States District Judge Henry C. Morgan issued an Order affirming the Report and Recommendation, stating, "Absent contrary authority from the Fourth Circuit, the Court finds Arthur's arguments regarding her Appointments Clause challenge to be unavailing." (ECF No. 26 at 15.)

On September 28, 2020, Plaintiff filed a Motion under Rule 59(e) to Alter Judgment and an Unopposed Motion to Stay, asking the Court to reconsider its ruling until the Fourth Circuit issued a decision in *Probst v. Comm'r*, 980 F.3d 1015 (4th Cir. 2020). (ECF Nos. 28, 29.) On November 20, 2020, the Fourth Circuit issued an opinion in the *Probst* case, holding that "a claimant does not forfeit an Appointments Clause challenge by failing to raise it in the course of Social Security proceedings." 980 F.3d at 1025. Then, on April 22, 2021, the Supreme Court held that claimants did not forfeit "their Appointments Clause challenges by failing to make them first to their respective ALJs." *Carr v. Saul*, 141 S. Ct. 1352, 1356 (2021). On May 12, 2021, after the *Carr* decision, the Commissioner filed a Notice advising the Court that he consented to Plaintiff's Motion under Rule 59(e). (ECF No. 32.) The Court issued an Order on May 24, 2021 that granted Plaintiff's Rule 59(e) Motion to Alter Judgment, remanded the case back to the Commissioner, and directed that Plaintiff's case be referred to a different ALJ. (ECF No. 33.) On June 22, 2021, Plaintiff filed the Motion for Attorney's Fees. (ECF No. 34.)

## II. LEGAL STANDARD

"Under the EAJA, a civil litigant who prevails against the United States is entitled to attorney's fees 'unless the Court finds that the position of the United States was substantially justified' or 'special circumstances make the award unjust.'" *Diane P. v. Kijakazi*, No. 4:17cv143, 2022 WL 135915, at *2 (Jan. 10, 2022) (quoting 28 U.S.C. § 2412(d)(1)(A)). Under the EAJA, the Commissioner "is not automatically liable for attorney's fees every time [it] loses a case." *Crawford v. Sullivan*, 935 F.2d 655, 657 (4th Cir. 1991) (citing *Smith v. Heckler*, 739 F.2d 144, 147 (4th Cir. 1984)). In *Diane P.*, United States District Judge Mark S. Davis explained that "[t]he Government's position can be substantially justified even if it is ultimately wrong, and there is no presumption that the Government's position was not substantially justified merely because it lost a case." 2022 WL 135915, at *2. (citations omitted). "[A] position can be justified even though it is not correct, and we believe it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). When evaluating whether the government's position is substantially justified, the Court must evaluate the government's position "during the litigation in federal court and its position during the agency action giving rise to the litigation." *Diane P.*, 2022 WL 135915, at *2.

## III. DISCUSSION

Defendant opposes the Motion because "the government's position was reasonable in law and fact and, therefore, substantially justified." (ECF No. 35 at 1.) Plaintiff contends that the "Defendant has failed to offer a substantial justification defense and has waived any special circumstances defense." (ECF No. 36 at 1.) Plaintiff's position is that "because Defendant's 'substantial justification' defense is actually a 'special circumstances' defense – a defense which

Defendant specifically indicated he is not asserting – EAJA fees must be awarded." (*Id*. at 2.) The Court rejects Plaintiff's interpretation. Like the dispute in *Diane P.*, the dispute here is whether the government's positions during litigation and prelitigation were substantially justified.

When the Commissioner made his forfeiture argument in the instant case, neither *Probst* nor *Carr* had been decided, and courts in the Eastern District of Virginia "overwhelmingly agreed that a claimant forfeited her Appointments Clause claim when she failed to raise it during agency proceedings." *Diane P.*, 2022 WL 135915, at *2 (collecting cases). Further, there was a circuit split on the forfeiture issue, as noted in *Carr,* 141 S. Ct. at 1357. The Court disagrees with Plaintiff's argument that the position of the Commissioner was unreasonable because of the Supreme Court's decision in *Sims v. Apfel*, 530 U.S. 103 (2000). The ruling in *Sims* was limited, as discussed in *Diane P.,* 2022 WL 135915, at *3. Given the state of the law at the time the Commissioner made its forfeiture argument in this case, the litigation position of the Commissioner was substantially justified.

With regard to the prelitigation phase of this case, there was no settled law then or now that requires the United States to raise an Appointments Clause issue *sua sponte* during the agency proceedings. *Diane P.,* 2022 WL 135915, at *4. Plaintiff contends, however, that whether the United States had a *sua sponte* duty to raise the issue "is frankly irrelevant." (ECF No. 36 at 9.) Plaintiff contends that Defendant "[d]eceived the Plaintiff about the nature of her disability hearing" and that Defendant "violated Plaintiff's constitutional rights." (*Id.* at 4.) Plaintiff also sets out a timeline that begins with *Sims* in 2000 and contends that the Commissioner should have, but did not, promulgate a rule requiring issue exhaustion in ALJ proceedings. (*Id*. at 5-6.) The Court rejects Plaintiff's broad interpretation of the Commissioner's position. Even after the *Lucia* decision, Defendant's prelitigation position was substantially justified. *See Rager v. Saul*, 2021

WL 374477 (W.D. Ky. Feb. 3, 2021); *Flynn v. Saul*, 2021 WL 2577146 (E.D. Pa. June 22, 2021).

## IV.  CONCLUSION

For the reasons stated above, the Court finds that Defendant's litigation and prelitigation positions were substantially justified and, therefore, Plaintiff's Motion for Attorney's Fees (ECF No. 34) will be denied.

An appropriate order shall issue.

|  |  |
|---|---|
| Richmond, Virginia<br>Date:  January 26, 2022 | /s/<br>Roderick C. Young<br>United States District Judge |